IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAUL A. PEREZ-REYES, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH R. CAMERON, et al., | : | NO. 12-4326 |
| Respondents. | : | |

REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Facility Cresson, in Cressen, Pennsylvania. For the reasons which follow, it is recommended that the petition be denied and dismissed.

I.      PROCEDURAL HISTORY

On March 2, 2010, following a jury trial presided over by the Honorable Stephen B. Lieberman, of the Court of Common Pleas of Berks County, petitioner was convicted of aggravated assault, simple assault, and recklessly endangering another person. Specifically, petitioner was convicted of stabbing Timothy Jacobs twice. Petitioner was sentenced to thirty-three (33) months to ten (10) ten years imprisonment on the charge of aggravated assault.

On March 12, 2010, court appointed counsel, Douglas Waltman, filed a notice of appeal. On April 30, 2010, the Superior Court, acknowledging the multiple appellate filings, ordered petitioner be permitted to proceed *pro se*, and dismissed all related and remaining

matters. On November 12, 2010, the Superior Court affirmed petitioner's judgement of sentence. The Pennsylvania Supreme Court denied petitioner's petition for allowance of appeal on July 11, 2011.

While petitioner's direct appeal was pending petitioner filed his first Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq. The PCRA court denied petitioner's PCRA petition, as premature and untimely, on October 4, 2010. Petitioner appealed and the Superior Court dismissed the appeal for failure to file a brief, on December 23, 2010.

Petitioner filed a second, timely PCRA petition, on September 21, 2011. The PCRA court denied petitioner's request to proceed *pro se* on October 17, 2011. Petitioner filed a notice of appeal of the PCRA court's denial of his request to proceed pro se. The Superior Court quashed the appeal as interlocutory on March 9, 2012. Petitioner's second timely PCRA petition is still pending before the PCRA court. The PCRA court granted an extension to court appointed counsel, until October 31, 2012, to file an amended PCRA petition.

Petitioner filed instant petition for Writ of Habeas Corpus on July 30, 2012.

This court finds that the petition for Writ of Habeas Corpus is premature since petitioner's timely PCRA petition is currently pending before the PCRA court and thus should be dismissed without prejudice.

II.     EXHAUSTION

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28

U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989).  In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies.  O'Sullivan, 526 U.S. at 845.  A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demand, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts.  Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983).

Where an appeal is pending in state court, the exhaustion requirement is not satisfied.  Thus, where an appeal or collateral challenge of a state criminal conviction is pending, the appellant must await the outcome prior to filing a petition for Writ of Habeas Corpus in federal court, regardless of whether the issues petitioner would raise in his petition have already been settled in the state courts.

In the case at bar, petitioner's timely PCRA petition is still pending before the PCRA court, and thus, petitioner is not eligible to make application for habeas relief.  In theory, petitioner may succeed in his appeal, in which case he could be awarded a new trial, rendering the instant petition for Writ of Habeas Corpus moot.   As a result, we find the petition for Writ of Habeas Corpus premature, and we recommend that it be dismissed without prejudice.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this 31st day of October, 2012, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


 /S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE