IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAUL A. PEREZ-REYES, | : | CIVIL ACTION |
| | : | NO. 12-4326 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH R. CAMERON, et al., | : | |
| | : | |
| Respondents. | : | |

### O R D E R

**AND NOW**, this **21st** day of **June, 2013**, upon careful and independent consideration of the petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of U.S. Magistrate Judge Linda K. Caracappa, it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] On July 30, 2013, Petitioner Raul A. Perez-Reyes ("Petitioner"), currently incarcerated in the State Correctional Institution-Cresson, in Pennsylvania, filed this petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Previously, on September 12, 2011, Petitioner filed a timely pro se petition, pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), which is currently pending before the PCRA Court. With his PCRA petition still pending, Petitioner filed the instant petition. Petitioner also recently filed a motion to file an amended petition. ECF No. 21.

Petitioner has not yet exhausted his available state-court remedies; thus, the Court is without jurisdiction to consider his habeas petition. See 28 U.S.C. § 2254(b)-(c) (2006) (requiring exhaustion of remedies in state court before federal court may hear petitioner's claims, and stating that "applicant

2.  Petitioner's objections are **OVERRULED**;[2]

3.  The petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **DISMISSED without prejudice**;[3]

4.  Petitioner's motion to file an amended petition (ECF No. 21) is **DENIED as moot;**

5.  A Certificate of Appealability will not issue; and

6.  The Clerk of Court shall mark the case as **CLOSED**.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").

Even after the PCRA Court rules on or dismisses Petitioner's claims, Petitioner will still be required to appeal this decision to the Superior Court of Pennsylvania to exhaust his state-court remedies. See Lambert v. Blackwell, 387 F.3d 210 (3d Cir. 2004). Stated differently, Petitioner's PCRA claims will only be exhausted—at the earliest—after the Superior Court enters judgment or declines to hear his claims. Accordingly, the Court is dismissing Petitioner's claims without prejudice, and he may refile his claims once he has fully exhausted his state-court remedies.

[2]     Petitioner's objections address the merits of his claims. Accordingly, as he has not yet exhausted his state-court remedies, these objections are premature.

2